IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BENNY N. MARZULLO,

    Petitioner,

vs.                                        CASE NO.: 5:06cv27-SPM/AK

JAMES R. MCDONOUGH,

    Respondent.

_____/

**<u>ORDER</u>**

This cause comes before the Court for consideration of the Magistrate Judge's Report and Recommendation (doc. 26) dated July 10, 2007. Petitioner has been furnished a copy and pursuant to Title 28, United States Code, Section 636(b)(1) has filed an objection (doc. 28). For the following reasons, I find that the Magistrate Judge correctly concluded that Petitioner's § 2254 petition should be dismissed as untimely.

    1.    A one-year limitations period applies to § 2254 petitions. 28 U.S.C. § 2244(d)(1). The one-year period in this case started from "the date on which the judgment [of the State court] became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A).

2.      Because Petitioner filed a direct appeal from the judgment of the State court but did not thereafter file a petition for writ of certiorari to the United States Supreme Court, the judgment become final for purposes of § 2244(d)(1)(A) when the 90-day period for seeking certiorari expired.  Nix. v. Sec'y for Dep't of Corr., 393 F.3d 1235, 1236-37 (11th Cir. 2004).

3.      In calculating the 90-day period for seeking certiorari, Petitioner argues that the starting date for the 90 days is the date after the State appellate court issued its mandate on direct appeal on August 24, 2001.  The issuance of the mandate, however, is not relevant to the time for filing a certiorari petition. Clay v. United States, 537 U.S. 522, 526-27 (2002).  Supreme Court Rule 13.3 states that "[t]he time to file a petition for writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

4.      Two other possible starting dates are from December 16, 1999, (the date of the decision on Petitioner's direct appeal), and September 29, 2000, (when the extended time[1] for seeking rehearing on direct appeal expired). Assuming for the sake of argument that the latter is the starting date for filing the petition for writ of certiorari, then the judgment of the State court became final for

---

[1] The State appellate court stayed issuance of its mandate and extended the time for filing a motion for rehearing to 15 days after a decision by the Florida Supreme Court in Woods v. State became final.  The Woods decision became final on September 14, 2000.  Woods v. State, 769 So. 2d 345 (Fla. 2000).

CASE NO.: 5:06cv27-SPM/AK

purposes of § 2244(d)(1)(A) on December 28, 2000.

5.   With the one year statute of limitations under § 2244(d) beginning on December 28, 2000, Petitioner had until December 28, 2001 to file his § 2254 petition.

6.   Because Petitioner did not file his § 2254 petition until January 24, 2006, it is untimely.

7.   Petitioner's filing in State court of a 3.850 post-conviction relief motion on January 18, 2002, cannot toll the time for filing his § 2254 petition because the one-year limit already expired on December 28, 2001.  Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003).  No extraordinary circumstances in this case warrant equitable tolling.  Accordingly, it is

ORDERED AND ADJUDGED:

1.   The Magistrate Judge's Report and Recommendation (doc. 26) is ADOPTED and incorporated by reference in this order.

2.   Respondent's motion to dismiss (doc. 13) is granted.  This case is dismissed with prejudice as untimely.

DONE AND ORDERED this 2nd day of August, 2007.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge

CASE NO.: 5:06cv27-SPM/AK